In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00020-CR

                                                ______________________________

 

 

                                      ROBBIE JOE WELCH,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 188th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 38396-A

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            A
jury found Robbie Joe Welch not guilty on the two counts of aggravated sexual
assault, but guilty on the two counts of indecency with a child; the jury
assessed punishment of eight years’ imprisonment on the first count of
indecency with a child, and two years on the second count of indecency with a
child.  The trial court ordered the
sentences to run consecutively. 

            On
appeal, Welch contends that:  (1) the
evidence is legally insufficient to support the conviction; (2) the trial court
erred by admitting Welch’s video-recorded statement; (3) the trial court erred
by admitting irrelevant evidence; (4) the trial court erred by admitting
hearsay evidence; (5) the trial court erred by refusing to allow Welch to
subpoena evidence; and (6) the trial court erred by limiting Welch’s cross-examination
of a witness.  We affirm the judgment of
the trial court.

I.          Facts  

            In
2007, a few years prior to the indictments in this case, Cody Millsap, the son
of Welch, reported that Welch was sexually abusing Jane Doe,[1]
a minor child.  However, based largely
upon Jane’s denial of the allegations, the Child Protective Services (CPS)
determined that no abuse had occurred.  A
year or two later, Jane told her grandmother that Welch had sexually abused
her.  Jane’s allegations were for the
same alleged actions and time period as those of the previous CPS
investigation.  After the grandmother
contacted the police, and Jane was forensically interviewed, Welch was arrested
and indicted on two counts of aggravated sexual assault and two counts of
indecency with a child.  All of the
counts allege acts involving the same complaining witness, Jane.  

II.        Sufficiency of the Evidence

            In
his first two points of error, Welch contends that the evidence was
insufficient[2]
to support the verdict.  In evaluating
legal sufficiency, we review all the evidence in the light most favorable to
the jury’s verdict to determine whether any rational jury could have found the
essential elements of indecency with a child beyond a reasonable doubt.  Brooks,
323 S.W.3d at 912 (citing Jackson,
443 U.S. at 319); Hartsfield v. State,
305 S.W.3d 859, 863 (Tex. App.––Texarkana 2010, pet. ref’d) (citing Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007)).  Our rigorous
legal sufficiency review focuses on the quality of the evidence presented.  Brooks,
323 S.W.3d at 917 (Cochran, J., concurring). 
We examine legal sufficiency under the direction of the Brooks opinion, while giving deference
to the responsibility of the jury “to fairly resolve conflicts in testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.”  Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318–19).  

            Legal
sufficiency of the evidence is measured by the elements of the offense as
defined by the hypothetically correct jury charge.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Under a hypothetically correct jury charge,
Welch committed the offense of indecency with a child by contact against Jane
if (1) Welch (2) on a date before those listed in the indictment[3]
(3) in Gregg County, Texas (4) either engaged in sexual contact with Jane or
caused Jane to engage in sexual contact (5) when Jane was younger than
seventeen years of age at that time and not Welch’s spouse.  Tex.
Penal Code Ann. § 21.11(a)(1) (Vernon Supp. 2010).  Sexual contact means “any touching by a
person” of “any part of the genitals of a child” or “any touching of any part
of the body of a child” with “any part of the genitals of a person,” “if
committed with the intent to arouse or gratify the sexual desire of any
person.”  Tex. Penal Code Ann. § 21.11(c) (Vernon Supp. 2010).  

            A
person engages in sexual contact “by touching the anus, by touching the breast,
or by touching the genitals with the requisite intent.  Each one of these acts represents a different
offense.”  Pizzo v. State, 235 S.W.3d 711, 717 (Tex. Crim. App. 2007).  “Consequently if a person touches the anus,
breasts, and genitals of a child with the requisite intent during the same
transaction, the person is criminally responsible for three separate offenses.”
 Id.
at 718.

            Count
three of the indictment alleges that Welch touched Jane’s genitals and count
four alleges contact with Jane’s breast. 
Welch contends that:  (1) “a
finding of guilt as to more than one count is clearly not justified” because
the State failed to prove that the actions alleged in both counts occurred in
Gregg County, Texas,[4]
and (2) the evidence supporting the verdict is insufficient because it is
inconsistent and inaccurate, and “taken in total, simply paint[s] a picture
that cannot result in a conviction.”[5]  

            Jane
testified that Welch first sexually touched her while she lived in Kilgore with
her mother, her stepbrother, Millsap, and Welch.  It happened after she turned thirteen.  She testified that Welch touched her breasts
and her genitals[6]
with his hands.  Rebecca Cunio, the
forensic interviewer, testified that during the forensic interview, Jane told
her that during this episode of contact, Welch was “touching her on her
breasts, on her vagina, and on her bottom.” 
During the forensic interview, Jane recalled Welch asking her “if it
feels good while he rubs her on these places.” 
Kilgore Police Officer Tony Stone testified that the Kilgore home Welch
and Jane lived in at the time of the alleged contact was located in Gregg
County, Texas. 

            In
his argument, Welch directs our attention to several issues.  The sexual abuse allegations in this case are
the same allegations that Millsap made in 2007, when Jane denied being abused
and CPS found no abuse to have occurred. 
Millsap made the allegations after running away from home and being
found by the police.  During the CPS
investigation of Millsap’s allegations, Jane and her mother both pointed out
that Millsap had behavioral issues and would lie to get attention or to get the
“heat” off of him.  

            In
the current investigation, two days after Jane told her grandmother of the
alleged abuse, Watson first spoke with relative and family friend, Officer
Stone, and at his direction, she spoke with the child and typed a written
statement of what Jane told her.  Welch
asserts that the grandmother, the outcry witness, was not a credible witness because
of her previous negative financial dealings[7] with
Welch, her visitation with Jane had been restricted, her anger at Welch over
Jane’s allegations, and the fact that she waited two days to report the initial
outcry.  Welch also attacks the written statement,
the basis of Stone’s police report, because Cunio and others testified that it
was best for an allegedly abused child to be forensically interviewed by a
trained professional “so as not to lead the child or to implant memories that
did not exist, not to make the child -- not to suggest things to the child that
did not occur.”  

            Last,
Welch points out that Jane’s testimony was conflicting and inconsistent.  Paula Bradley, Jane’s counselor, testified
that Jane was easily manipulated and that approval from her grandmother was
important to her.  Bradley stated that
Jane would need frequent breaks when talking to an investigator about sexual
abuse, and during the trial, Jane did take several breaks during cross-examination,
but only one during direct.  Jane
testified that the abuse occurred in “my -- in his bedroom,” but on cross she
admitted that the Kilgore home only had one bedroom, occupied by her and
sometimes Millsap, and that Welch and her mother slept on a futon in the living
room.  Jane testified that Millsap knew
of the abuse because, on one occasion, he saw it happening when he walked into
the room; however, Millsap testified that he never saw any abuse occur, and the
only way he knew about it was because Jane told him.  

            Because
there is evidence that Welch, with the requisite intent, touched Jane’s breast
and genitals during the same transaction, Welch could be legally charged and
convicted of two separate offenses.  Pizzo, 235 S.W.3d at 718.  There was also testimony from both Jane and
Cunio that the breast and genital contact occurred while Jane and Welch were at
home in Kilgore, and Officer Stone testified that their home in Kilgore was
located in Gregg County, Texas.  The
evidence is of sufficient strength to support the jury’s finding that the
separate offenses alleged in counts three and four occurred in Gregg County,
Texas.

            Welch
attacks the credibility of witnesses and points to the conflicts and
inconsistencies in the evidence as he argues that the evidence is so unreliable
that the convictions must be reversed. 
However, the “jury is the exclusive judge of the credibility of
witnesses and of the weight to be given testimony, and it is also the exclusive
province of the jury to reconcile conflicts in the evidence.”  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); see also Tex. Code Crim.
Proc. Ann. art. 38.04 (Vernon 1979). 
The jury may reasonably infer facts from the evidence presented, and is
free to believe or disbelieve all or part of a witness’ testimony.  Jones v.
State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

            While
there was conflicting evidence in this case as well as questions regarding
witness credibility, the jury in this case was free to weigh the credibility of
the witnesses and resolve any conflicts in the evidence against Welch.  Here, when viewing the evidence in the light
most favorable to the verdict, there is sufficient evidence from which a
rational jury could find that the State proved beyond a reasonable doubt the
elements alleged in counts three and four of the indictment.  Accordingly, we overrule Welch’s first two
points of error. 

III.       The Admission of
Welch’s Video-Recorded Statement

            After
Welch was taken into custody, the Kilgore police questioned him and video-recorded
his statement.  At trial, the recorded statement
was admitted into evidence as State’s Exhibit 3 and Defense Exhibit 1.[8]  In his third point of error, Welch contends
that the trial court erred in admitting his recorded statement because he
invoked his right to counsel twice near the beginning of the statement.[9]

            Generally,
a party must object to preserve error on appeal.  See
Tex. R. App. P. 33.1(a). However,
pursuant to Rule 103(d) of the Texas Rules of Evidence, appellate courts may
take “notice of fundamental errors affecting substantial rights although they
were not brought to the attention of the court.”  Tex. R.
Evid. 103(d).  Fundamental errors
fall into “two relatively small categories of errors:  violations of ‘rights which are waivable only’
and denials of ‘absolute systemic requirements.’”  Saldano
v. State, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002). “Waivable only” rights
include the right to the assistance of counsel and the right to trial by jury.  Id.
 “Absolute, systemic rights” include
jurisdiction of the person, jurisdiction of the subject matter, a penal
statute’s compliance with the Separation of Powers Section of the state
constitution, a constitutional requirement that a district court must conduct
its proceedings at the county seat, the constitutional prohibition of ex post facto laws, and certain
constitutional restraints on the comments of a judge.  Id.
at 888–89.  Notably, neither of the
fundamental error categories includes the admission or exclusion of evidence,
regardless of how probative or prejudicial the evidence might be.  See id.

            Here,
Welch is arguing that the trial court erred in admitting evidence, but he
failed to object to the statement’s admissibility at any time before or during
trial.[10]  In order to be preserved for appeal, an error
regarding the admission or exclusion of evidence must be brought to the trial
court’s attention, be it through oral objection or written motion.  Therefore, Welch failed to preserve this issue
for our review. 

IV.       The
Admissibility of the Terrel and Ward Testimony 

            The State asked Bunny Terrel about a
specific instance of delayed outcry that Welch had previously asked Officer Stone
about.  Welch objected, arguing that
there was “no probative value to this line of testimony.”  The trial court overruled the objection.  Later, the State asked David Ward about
Millsap’s behavior after he was interviewed by the Kilgore officers
investigating Jane’s allegations.  Welch,
again, objected, arguing that the information was irrelevant.  The trial court overruled the objection.  In his fourth point of error, Welch contends
that the trial court erred by admitting irrelevant testimony from Terrel and
Ward.  We disagree.

            Because
trial courts are in the best position to decide substantive admissibility
questions, we must review the trial court’s ruling on admissibility under an
abuse of discretion standard.  McDonald v. State, 179 S.W.3d 571, 576
(Tex. Crim. App. 2005).  “Under an abuse
of discretion standard, an appellate court should not disturb the trial court’s
decision if the ruling was within the zone of reasonable disagreement.”  Bigon v.
State, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).  Therefore, the question that we must
determine is whether the trial court’s decision that the specific testimony
from Terrel and Ward was relevant is within the zone of reasonable
disagreement.

            We
note that Welch only objected to the relevancy of the testimony.  Relevant evidence is evidence having any
tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would have
been without the evidence.  Tex. R. Evid. 401.  “If the trial court believes that a reasonable
juror would conclude that the proffered evidence alters the probabilities
involved to any degree, relevancy is present.” 
Montgomery v. State, 810
S.W.2d 372, 376 (Tex. Crim. App. 1990). 
Relevant evidence is presumed admissible.  Tex. R.
Evid. 402; Erazo v. State, 144
S.W.3d 487, 499 (Tex. Crim. App. 2004). 
Evidence that is not relevant is inadmissible.  Tex. R.
Evid. 402.  

            Terrel
was admitted as an expert, without objection, “in the area of child sexual
abuse, child physical abuse, forensive [sic] interviewing, and child abuse.”  After asking her a few questions about
delayed outcry, which Terrel testified was common, the State asked her whether
she recalled a specific case of delayed outcry where a child “who had been
interviewed and recanted and then was interviewed again and made an outcry” and
the case later went to trial.  Terrel
testified she was familiar with the case and that it took some time before the
child was able to make an outcry.  Welch
objected on the ground that “there’s no probative value to this line of testimony.”[11]  

            During
his opening statement, cross-examinations, and closing arguments, Welch used
Jane’s previous denial of abuse and CPS’s determination that no abuse had
occurred to attack the credibility of Jane’s testimony and that of the
allegations against him.  Testimony by an
expert witness that provides useful background information to aid the jury in
evaluating the testimony of another witness is probative and admissible.  See
Schutz v. State, 957 S.W.2d 52, 59
(Tex. Crim. App. 1997).  Here, the trial
court found Terrel’s testimony to be relevant. 
The trial court was within the zone of reasonable disagreement because
Terrel’s testimony could help the jury evaluate the credibility and content of
Jane’s delayed outcry.

            Welch
also objected to the relevance of testimony given by David Ward, the superintendent
of the Arkansas Sheriffs’ Youth Ranch. 
Detective David Merrell had gone to the Youth Ranch and questioned
Millsap about Welch’s and Jane’s allegations, and at trial, the State asked
whether Ward was “able to observe anything about Cody that happened during the
questioning or immediately thereafter in regards to his behavior?”  Welch objected, arguing that the testimony
was irrelevant.[12]  The trial court overruled the objection, and
Ward testified that Millsap was afraid of “what would happen if [Welch] found
out,” and quoted Millsap as saying, “You don’t understand. . . .
We’re talking about a bad man.”  Ward
pointed out that after being questioned about Welch, Millsap’s behavior
“regressed to the point that he got really upset one night and banged his head
against the wall until he was almost unconscious and he had to be placed in
acute care for ten days at Methodist Behavioral Health.” 

            Here,
Welch only objected regarding the relevance of Ward’s testimony about Millsap’s
behavior after being interviewed about Jane’s allegations against Welch.  Evidence that has any tendency to make the
existence of any material fact more or less probable is relevant.  Tex. R.
Evid. 401.  The trial court was
within its discretion to find that a reasonable juror could view Millsap’s fear
of Welch as relevant and explanatory for Jane’s fear of Welch, the proffered
reason for her prior denial and delayed outcry. 
The trial court’s decision was within the zone of reasonable
disagreement.  Accordingly, we overrule
this point of error.

V.        Alleged
Hearsay and Unchallenged Evidence 

            The State asked Cunio what Jane
wanted to happen to Welch.  Welch
objected because it called for hearsay,[13] but
the trial court overruled his objection. 
Cunio testified that Jane had a strong desire to see someone
punished.  Later in the trial, Jane’s
grandmother testified, over Welch’s hearsay objection, that Jane was afraid of
Welch.  In his fifth point of error,
Welch contends that the trial court erred in admitting the testimony from Cunio
and the grandmother because their testimony was hearsay. 

            Even
if the witnesses’ testimony amounted to hearsay and the trial court erred by
admitting it, any error was harmless because the same or similar testimony was
admitted without objection at another point in the trial.  McNac
v. State, 215 S.W.3d 420, 425 (Tex. Crim. App. 2007) (citing Leday v. State, 983 S.W.2d 713 (Tex.
Crim. App. 1998) (“improper admission of evidence is not reversible error if
the same facts are shown by other evidence which is not challenged”).

            Here,
Welch objected to Cunio’s testimony that Jane had a strong desire to see
someone punished.  The video-recorded interview
between Cunio and Jane was admitted into evidence, without objection, as
State’s Exhibit 3, and played for the jury. 
During deliberations, the jury requested and viewed the video
again.  On the video, Jane tells Cunio
that she wants Welch to go to jail for a long time.  The record indicates that Welch’s trial
counsel muted portions of the video pursuant to an agreement between the
attorneys; however, the record does not indicate which specific portions were
so muted.  There is nothing in the record
or in Welch’s brief indicating that the jury did not hear Jane’s video-recorded
wishes that Welch be punished.  

            Welch
also objected to the grandmother’s testimony that Jane was afraid of Welch;
however, both Jane’s mother and Jane, herself, testified, without objection,
that Jane was afraid of Welch.  During
her interview with Cunio, Jane repeatedly states that she is afraid of
Welch.  Texas law requires a party to
continue objecting each time inadmissible evidence is offered.[14]  Ethington
v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991) (citing Hudson v. State, 675 S.W.2d 507, 511
(Tex. Crim. App. 1984) (“[d]espite the improper form and content of the
question, it is well settled that an error in admission of evidence is cured
where the same evidence comes in elsewhere without objection; defense counsel
must object every time allegedly inadmissible evidence is offered”).  By failing to object to the statements made in
the video, as well as the above-referenced testimony of Jane and her mother,
any previous hearsay error on these issues was rendered harmless.  Accordingly, we overrule Welch’s fifth point
of error.

VI.       The Subpoena Duces Tecum
Request 

            In
a pretrial motion, Welch orally requested that he “be allowed a subpoena for
the production of any computers that are in the property or possession of the
victim in this case, [Jane], or [Jane’s mother] or Cody Millsap.”  Welch believed “that there may be some
contact between the alleged victim and some witnesses that maybe -- may shed
some light on this situation and possibly have some evidence that might be
available for trial.”[15]  The State argued that the request was a
baseless “fishing expedition.”  The trial
court denied the request.  In his sixth
point of error, Welch argues that the trial court erred by refusing to allow
Welch to subpoena the computers.

            Welch
failed to specify the nature of his requested subpoena.  As there is neither written application for
the subpoena nor extensive argument during the pretrial hearing, it is unclear
whether Welch was requesting that the witnesses produce the computers for
pretrial examination or that the witnesses bring the computers with them on the
day of trial.[16]

            Under
both the United States Constitution and the Texas Constitution, a defendant has
a right to compulsory process for witnesses and information in the possession
of witnesses.  U.S. Const. amend. VI; Tex.
Code Crim. Proc. Ann. arts. 24.01–.29 (Vernon 2009 & Supp. 2010); Etheridge v. State, 903 S.W.2d 1, 7
(Tex. Crim. App. 1994).  Chapter 24 of
the Texas Code of Criminal Procedure authorizes a defendant to obtain a
subpoena to secure the presence of witnesses whose testimony is material to its
case.  Tex.
Code Crim. Proc. Ann. arts. 24.01–.29. 
Issuance of the subpoena is a matter of right on written, sworn
application identifying the witness and stating that the testimony is material
to the State or defense.  Tex. Code Crim. Proc. Ann. art. 24.03.  Article 24.02 specifically authorizes the
issuance of a subpoena duces tecum directing the witness to produce in court
writings or other things in their possession.  Tex. Code
Crim. Proc. Ann. art. 24.02.  But
neither the Sixth Amendment nor Article 24 “include the power to require the
pretrial disclosure of any and all information that might be useful in
contradicting unfavorable testimony.”  Pennsylvania v. Ritchie, 480 U.S. 39, 52–53
(1987).  The oral motion generally requesting
information from computers was neither written nor specific.  The trial court did not abuse its discretion
in denying the pretrial motion for production of the computers. 

            Welch
could have been seeking a subpoena requiring the witnesses to produce the
computers on the day of trial.  However,
before a subpoena may be issued, the Texas Code of Criminal Procedure requires
a defendant to file an application for a subpoena with the trial court’s clerk.  Tex. Code
Crim. Proc. Ann. art. 24.03(a). 
Here, the record does not contain a sworn application asserting the
materiality of the information contained in the witnesses’ computers and
requesting that they produce the computers on the day of trial.  Therefore, Welch was not entitled to the
requested relief and we overrule Welch’s sixth point of error.  

VII.     Underwood’s Status as a Sex
Offender 

            During cross-examination
by Welch, Jane’s mother testified that she had known a man named Brandon
Underwood for about two years.  He was
“just a person that [she knew] through [her] ex . . . a friend of the
family.”  She also testified that she had
spent some time with him and that Jane knew him “[j]ust from the family.”  Welch then asked her whether she was aware
that Underwood was a registered sex offender, and the State objected.[17]  After a bench conference, which was not on
the record, the trial court sustained the objection as to Underwood’s status as
a sex offender.  Outside the presence of
the jury, Welch made an offer of proof, examining Jane’s mother regarding
Underwood.  The offer of proof produced
the following relevant testimony from Jane’s mother:


 She
 had known Underwood for about two years. 
 Underwood
 is a friend of Jane’s father. 
 Underwood
 knows Jane and has had contact with her.
 Jane
 had not been around Underwood until “just recently.”
 She was aware that
 Underwood was on community supervision for sexual assault of a child.


 


 She
 knew of Underwood’s criminal status when Jane was associating with
 Underwood. 
 She
 did not believe that it was in Jane’s best interest to be associating with
 Underwood.


For record purposes only, Welch
admitted certified copies of the criminal indictment and order of deferred
adjudication of Underwood into evidence. 
After the offer of proof, the trial court, again, sustained the State’s objection.  

            In
his final point of error, Welch argues that the trial court violated his right
to “due process under the Federal Constitution (due process clause of the 14th Amendment)
and due course of law under Texas law (Texas Code of Criminal Procedure, Article
1.04)” and that “such a denial by the trial court denied [him] his fundamental
right of cross examination and the ability to adequately place before the jury
a valid defense.” 

             We review a trial court’s decision to admit or
exclude evidence under an abuse of discretion standard.  See
Green v. State, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996); Brown v. State, 189 S.W.3d 382, 385
(Tex. App.––Texarkana 2006, pet. ref’d). 
Even though neither the grounds for the State’s objection, nor the trial
court’s basis for granting it, appear in the record, we may uphold a trial
court’s ruling on any legal theory or basis applicable to the case.  Martinez
v. State, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002); cf. Cameron v. State, 241
S.W.3d 15, 18–20 (Tex. Crim. App. 2007).

            The
trial court could have had several reasons to exclude the evidence.  One valid legal theory or basis for excluding
the evidence is that the probative nature of the evidence is substantially
outweighed by the danger of unfair prejudice. 
Tex. R. Evid. 403.  Under Rule 403, we examine the probative
nature of the evidence and balance it against the danger of unfair prejudice
should the evidence be admitted.  Tex. R. Evid. 403.  Under Rule 403, a reviewing court is to
reverse the trial court’s judgment “rarely and only after a clear abuse of
discretion.”  Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (quoting
Montgomery, 810 S.W.2d at 389).

            Here,
Welch is charged with sex offenses against a child.  There is no evidence or allegation in the
record that Underwood had any opportunity to molest Jane.  Evidence of his status does not serve to
support or attack the credibility of any other witness regarding a fact of
consequence.  In these circumstances, the
trial court would be justified in excluding the evidence by finding the
probative value of the evidence to be very minimal while the unfair prejudicial
effect was substantial.  We find that the
record supports the trial court’s ruling because the danger of unfair prejudice
substantially outweighed the minimal probative value of Underwood’s sex
offender status.  Accordingly, we
overrule Welch’s final point of error. 

            We affirm the judgment of the trial
court. 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          February 9, 2011

Date Decided:             April 12, 2011

 

Do Not Publish 

 











[1]The
pseudonym used at trial, which we will continue.   





[2]Welch
argues the evidence is both legally and factually insufficient to support his
conviction.  In Brooks v. State, 323 S.W.3d 893, 894–95, 912–13 (Tex. Crim. App.
2010) (a 4-1-4 decision with one judge joining the lead opinion with a
concurring opinion and another concurring with the lead opinion and joining
that concurrence), a plurality of the Texas Court of Criminal Appeals abolished
the factual sufficiency review established by Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996), and its
progeny.  The plurality and the
concurring judges agreed that the Jackson
v. Virginia, 443 U.S. 307 (1979), legal sufficiency standard is the sole
standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt.  Brooks,
323 S.W.3d at 894–95, 912–13.  Since the
Texas Court of Criminal Appeals has abolished factual sufficiency review, we
need not address the defendant’s challenge to the factual sufficiency of the
evidence.





[3]The
State may allege in an indictment that an offense occurred “on or about” a date
certain.  Sledge v. State, 953 S.W.2d 253, 255–56 (Tex. Crim. App.
1997).  “[T]he ‘on or about’ language of
an indictment allows the State to prove a date other than the one alleged in
the indictment as long as the date is anterior to the presentment of the
indictment and within the statutory limitation period.”  Id. at
256. 





[4]Specifically,
he argues that “[t]he CAC interview indicates that the child said only one incident
of fondling took place in Gregg County” and that “[a]ll other allegations
relate to alleged incidents in Dallas or Tyler.”  

 





[5]Welch’s
sufficiency argument does not challenge that the evidence is sufficient that
the alleged offenses occurred:  (1) on a
date or dates prior to those listed in the indictment; (2) at a time Jane was
younger than seventeen years of age; or (3) at a time when Jane was not Welch’s
spouse.  Therefore, we do not address
these elements on appeal. 

 





[6]At
trial, Jane referred to her breasts as “bubbles” and her genitals as her “pee
pee.”





[7]Jane’s
grandmother had cosigned with Welch on a vehicle that Welch and Jane’s mother
were purchasing.  However, Welch defaulted,
leaving the grandmother to pay the note.





[8]At
trial, Welch orally objected and sought to suppress the last two or three
minutes of the statement because, at the time in the video, Welch asserted his
right to counsel.  The trial court
sustained the objection.  The last three
minutes of the statement are not at issue in this appeal.  

 





[9]The
alleged invocations occur at approximately 1 minute 57 seconds and again at the
5-minute mark.





[10]In
its brief, the State mentions that four months after his conviction, Welch,
acting pro se, filed a motion to suppress evidence on June 10, 2010.  No such motion was included in the record
before us.  Therefore, we will not
consider it for any purpose.  





[11]In
his brief on this point of error, Welch cites Rule 403 of the Texas Rules of
Evidence and its requirement that even relevant evidence must be excluded if
its probative value is substantially outweighed by the danger of unfair
prejudice.  However, his “not probative”
objection failed to raise an issue with the trial court regarding whether the
probative value was substantially outweighed by any unfair prejudicial effect
the testimony might have.  Because the
Rule 403 issue was not invoked at trial, it is not preserved for review.  





[12]At
trial, Welch also objected on the ground that Ward was not qualified to testify
regarding psychological issues.  However,
Welch does not raise that issue on appeal, so we do not address it. 





[13]Welch
also objected on the ground that the question called for a conclusion, but he
does not raise that issue on appeal, so we do not address it. 





[14]There
are two exceptions to the “contemporaneous objection” rule.  The first is via a running objection, and the
second is via a one-time objection, outside the presence of the jury, to all
the testimony counsel deems objectionable on a given subject.  Ethington,
819 S.W.2d at 858–59.  Neither of these
exceptions apply in this case.  





[15]In
his brief, Welch maintains that “[t]he record in the case at bar shows that
there was communication via computer between [these witnesses] regarding the
case.”  However, the record does not
support that assertion.  Jane confirmed
that Millsap was a Facebook “friend” of hers, but she denied chatting with him
through Facebook.  There is no evidence
indicating that Jane, Millsap, or Jane’s mother used their computers to
communicate with each other about this case.

 





[16]Nothing
in Welch’s pretrial argument or his brief on appeal indicates that he was
asking the State to seize the computers and then produce them for inspection
via the disclosure process. 





[17]The
basis of the State’s objection does not appear in the record.